Per Curiam.

The only question to be determined is whether the demurrer to plaintiff’s second amended petition was properly sustained.
The petition alleges that the defendant undertook and agreed to take plaintiff and three other persons from a park in Barnesville to their respective homes in Barnesville as passengers in his automobile; and that he invited the other girl to drive his automobile with plaintiff as a passenger in the *306 front seat and the defendant (an adult), together with two male passengers (one 21 years old and the other 14), in the rear seat.
The petition alleges further:
“That the * * * [driver] to the absolute knowledge of the defendant was unskilled in the operation of an automobile, had no experience in the operation of an automobile, did not understand or know the power of said automobile and did not have a license to drive an automobile on the public highways of Ohio. * * *
“That against the protest and objection of the plaintiff, defendant directed said automobile so operated by said * * * [driver] with the passengers therein as above set forth to proceed” in a different direction from that to the home of plaintiff, “that it became apparent to the defendant while proceeding on said highways that said * * * [driver] was unfamiliar with the controls and operations of said automobile and on two occasions a collision was narrowly averted and that the defendant well knew that if said automobile proceeded with said * * # [driver] in control thereof that in all probability damage and injury would occur to plaintiff and to the other passengers in said automobile, but notwithstanding said knowledge persisted in permitting the said * * * [driver] to continue operating sa.id automobile and urging her to greater speed, over the protest and against the repeated objection of plaintiff.”
The petition then alleges that while the girl driver “was driving and operating said automobile at a speed of more than 90 mph and while rounding a curve on said highway, said automobile went out of control and into a bridge abutment * * * causing said automobile to catapult said bridge abutment into said creek as a direct result of which plaintiff sustained” certain specified injuries.
The petition alleges further that plaintiff’s “injuries and damages were directly and proximately the result of the willful and wanton misconduct of the defendant in commiting [sic] the control and management of said * * * [driver] well knowing that said minor was unskilled in the driving and operation of an automobile, had no experience in the operation of a high- *307 powered automobile * # * and well knowing, in the light of the actions of said driver while proceeding from Barnesville to the place of the collision * * * that in all probability damage and injury would occur to the passengers of said automobile while so being operated by the said * * * [driver].”
The petition alleges further that the defendant was present in the automobile at all times and knew that the driver was unable to properly operate the automobile and was unfamiliar with its controls.
The petition concludes, “that by reason of the willful and wanton misconduct on the part of the defendant” plaintiff was damaged in a specified amount, for which she seeks judgment.
Although it is noted that this second amended petition was not signed or verified, no attack was made upon it for that reason in either of the lower courts, nor was the matter considered. Accordingly, it will not be considered here.
Paragraph one of the syllabus in the case of Lombardo v. De Shance, a Minor, 167 Ohio St., 431, 149 N. E. (2d), 914, states:
“Although there may be an acceptance of hospitality by a guest, the ordinary meaning of the word ‘guest’ does not require anything more than the giving of such hospitality in order to make the person, receiving and to be benefited by it, a guest.” There it was held that a voluntarily intoxicated person may become a guest within the meaning of Section 4515.02, Revised Code, commonly known as the guest statute.
It is clear from the petition here that at the time plaintiff entered defendant’s automobile she was a guest therein within the meaning of that section. The allegation, however, that “against the protest and objection of the plaintiff, defendant directed said automobile so operated by said * * # [driver] * * * to proceed south on state Route No. 8 instead of to the home of plaintiff,” certainly raises an issue of fact as to whether plaintiff’s status as a guest continued heyond the point of her alleged protest and objection to the change of course taken by the automobile under the alleged direction of defendant. For purposes of the demurrer, the allegations must of course be accepted as true.
*308 In the case of Ross v. Burgan, 163 Ohio St., 211, 126 N. E. (2d), 592, 50 A. L. R. (2d), 1275, it was held that, “where the owner of a motor vehicle being driven by another is an occupant thereof, a rebuttable presumption or inference arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle.”
In that case, plaintiff was the owner of a motor vehicle being driven by her husband. Her action was against the owner and operator of another automobile which ran into the back of plaintiff’s car, so that the guest status of the plaintiff there was not in issue but rather the status of plaintiff’s husband as her driver.
In this case, if plaintiff’s evidence establishes that she had divested herself of her status as a guest prior to the accident or had been divested thereof by the conduct of defendant, she would of course not be required to establish ‘ ‘ willful or wanton misconduct” of defendant, but, in any event, she is also raising the issue of the relationship between the defendant and the girl driver.
Paragraph two of the syllabus in the case of Universal Concrete Pipe Co. v. Bassett, 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646, states:
“Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in ail common probability result in injury.”
The petition here alleges specific facts such as, for example, the knowledge of the owner that the driver was unskilled and inexperienced in the operation of an automobile and did not have a license to drive, and, also, that the owner urged the driver “to greater speed over the protest and against the repeated objection of plaintiff.” These allegations require factual determination from evidence as to the negligence or wanton misconduct, if any, of the defendant.
Under the foregoing stated principles it follows that the demurrer should have been overruled.
*309 The judgment of the Court of Appeals is, therefore, reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.